UNITED STATES *v.* BOGGS.

(*District Court, S. D. Illinois.* June Term, 1887.)

1. PERJURY—AFFIDAVIT TO SUPPORT PENSION CLAIM.
    The offense of perjury, as defined by section 5392, Rev. St. U. S., may be predicated upon an affidavit to support a pension claim sworn to before a justice of the peace.

2. PENSIONS—REGULATIONS OF COMMISSIONER—AFFIDAVIT.
    Regulations of the commissioner of pensions prescribed that "all evidence in a claim for pension (other than the declaration) may be verified before an officer duly authorized to administer oaths for general purposes." *Held,* that a justice of the peace is an officer duly authorized to administer oaths, within the purview of said regulations.

3. SAME.
    Such regulations are proper, under section, 4748, Rev. St. U. S., directing the commissioner of pensions to furnish claimants or applicants with "all such printed instructions and forms as may be necessary in establishing and obtaining said claim."

4. PERJURY—INDICTMENT—SUFFICIENCY.
    An allegation in an indictment under section 5392, Rev. St. U. S., charging perjury in an affidavit to support a pension taken before a justice of the peace, sufficiently avers, under section 5396. Rev. St. U. S., the official character of the officer taking the affidavit, by alleging that said officer "was then and there a person having competent authority to administer said oath." The officer's special authority need not be set forth.

Indictment for Perjury. Motion in arrest of judgment.

*G. Van Hoorebeke,* for the United States.

*John M. Palmer,* for defendant.

ALLEN, J. The defendant, at the June term, 1886, was indicted under section 5392, Rev. St. U. S., which provides that "every person who, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, or certificate by him subscribed is true, willfully, and contrary to such oath, states or subscribes any material matter which he does not believe to be true, is guilty of perjury." A trial was had at the last January term of this court, when the jury

found him guilty. A motion in arrest of judgment was made before the late Judge TREAT, and recently argued before me, upon the following statement of facts:

(1) That William Boggs, the defendant, was sworn to affidavits, Exhibit C and D, before THOMAS S. LOY, a justice of the peace, duly commissioned and qualified, within and for the county of Effingham and state of Illinois.

(2) That the affidavits Exhibits C and D are the affidavits upon which the perjury is predicated in the indictment, and the originals transmitted to the commissioner of pensions, and filed as evidence in the pension claim of Jesse C. Young, certificate No. 289,854.

(3) That THOMAS S. LOY, the justice of the peace aforesaid, William Boggs, the defendant, and Jesse C. Young, the pension claimant, resided less than 25 miles from the county-seat of Effingham county, Illinois.

(4) That the blank form affidavit (Exhibit C) was furnished the pension claimant, Jesse C. Young, by the commissioner of pensions, which was afterwards filled out and sworn to and subscribed by said William Boggs,·defendant, before said THOMAS S. LOY, justice of the peace.

(5) That the clerk of Effingham county, Illinois, under his hand and official seal, had, previous to making affidavit Exhibit C, sent to the commissioner of pensions the signature of said THOMAS S. LOY, justice of the peace, and a certificate that said signature was genuine, in said certificate giving the date of said THOMAS S. LOY'S commission as such justice of the peace, and the time it would expire; and that said affidavits, Exhibits C and D, were sworn to by said defendant, William Boggs, while said LOY'S commission as such justice of the peace was in full force.

(6) That M. J. Maloney testified on the trial of this case that he was familiar with the practice of the pension bureau; that he had been employed therein for several years as a clerk; and that it was a rule of the bureau to admit and accept, as proof in pension claims, affidavits and papers sworn to before justices of the peace, other than declarations. He did not testify that there were any written rules in the bureau.

The indictment contains two counts, the first of which charges the defendant with having taken an oath before THOMAS S. LOY, "then and there a justice of the peace in and for the county of Effingham and state of Illinois, who was then and there a person having competent authority to administer said oath; that a certain written certificate in the matter of a certain claim of Jesse C. Young for pension, under the laws of the United States, then and there subscribed by him is true, willfully and contrary to such oath, did then and there subscribe certain material matter in said certificate then and there contained, which he the said William Boggs did not then and there believe to be true,"—setting out such alleged material matter. The second count is substantially the same as the first, except as to the dates and detail of alleged material matter. The contention in support of the motion is that THOMAS S. LOY, the justice of the peace before whom the oath was taken, was not a competent person, and did not possess competent authority, to administer said oath; that, no law of the United States having given express authority to justices of the peace to administer oaths to persons offering to be sworn in support of pension claims, perjury cannot be assigned upon oaths so taken, however false or corrupt.

The question is not entirely free from difficulty. While it may be

true that a false oath does not necessarily constitute perjury, unless so declared by law, it would seem that if the officer before whom the oath is taken be of a class having general authority to administer oaths, and that class has been designated by the head of the bureau or department having jurisdiction of the claim in aid of which the false oath is taken, perjury may be well assigned. Section 5396, Rev. St. U. S., provides that, "in every presentment or indictment prosecuted against any person for perjury, it shall be sufficient to set forth the substance of the offense charged upon the defendant, and by what court, and before whom the oath was taken; averring such court or person to have competent authority to administer the same, together with the proper averment to falsify the matter wherein the perjury is assigned; without setting forth the bill, answer, information, indictment, declaration, or any part of any record or proceeding, either in law or equity, or any affidavit, deposition, or certificate other than as hereinbefore stated; and without setting forth the commission or authority of the court or person before whom the perjury was committed." Under section 4748, Rev. St. U. S., it is made the duty of the commissioner of pensions to furnish claimants or applicants for pensions, free of expense, "all such printed instructions and forms as may be necessary in establishing and obtaining said claim." Acting upon this section, the commissioner of pensions prescribed, published, and distributed generally over the country, printed instructions and regulations to the effect that "all evidence in a claim for pension (other than the declaration) may be verified before an officer duly authorized to administer oaths for general purposes."

It must be admitted that a justice of the peace is an officer duly authorized to administer oaths for general purposes. The indictment avers that THOMAS S. LOY, the justice of the peace before whom the oath was taken, "was then and there a person having competent authority to administer said oath;" and this averment, under the section of the statute quoted, is deemed sufficient, without setting forth his special authority; congress having, by section 4748, directed the commissioner of pensions to furnish printed instructions to pension claimants, to be followed by them in establishing and obtaining their claims, and that officer, having designated justices of the peace as persons before whom proof in aid of pension claims can be made, had the power to make such a regulation, the same having the force and effect of positive law; and such officers so designated possessed competent authority to administer such oaths as the one taken by the defendant. Section 4714, Rev. St. U. S., provides that the declarations of pension claimants shall be made before a court of record, or before some officer thereof having custody of its seal; but it omits to declare before what officer or tribunal proof in support or aid of the declaration shall be made.

It is well known that the regulations prescribed by the commissioner of pensions have been very generally followed, and, in the many thousands of affidavits in aid of pension applicants, very few have been sworn to before any other officer than justices of the peace. Millions of dollars have been paid out by the government, and vast sums of money

are being paid out daily, to pensioners upon claims aided and supported by oaths administered by justices of the peace, in all the states and territories, and in pursuance of the prescribed regulations referred to. The practice in such cases has been too long established and recognized by the government to now hold that the justice of the peace, LOY, did not have competent authority to administer the oath to the defendant set out in the indictment. This view is in harmony with the reasoning in *U. S.* v. *Bailey*, 9 Pet. 268, and not in conflict with *U. S.* v. *Curtis*, 107 U. S. 671, 2 Sup. Ct. Rep. 507, cited by counsel for defendant.

The motion in arrest of judgment will be overruled.